ON APPLICATION FOR REHEARING
Before LOTTINGER, LANDRY, SAR-TAIN, ELLIS, BLANCHE and PICKETT, JJ.
LOTTINGER, Judge.
APPENDAGE TO ORIGINAL OPINION
The dissenting opinion rendered herein places great emphasis on C.C. Art. 118 and says that C.C. Art. 184 is not applicable. We beg to differ and say that even C.C. Art. 118 is not applicable and does not apply to the oldest child, Paul Drake Babineaux.
C.C. Art. 118 provides:
“If only one of the parties acted in good faith, the marriage produces its civil effects only in his or her favor, and in favor of the children born of the marriage.” (Emphasis added)
Now let us see if Paul Drake is a child “born of the marriage” between Arlene and Babineaux.
Arlene King, who was previously married and not divorced, married Babineaux on April 25, 1960. Paul Drake was born on August 7, 1960, three months and twelve days, or 102 days after the marriage with Babineaux. Arlene King was divorced by Ronald C. Arnold, her first husband, on March 2, 1962. Can you say that Paul Drake is a means from; derivation of; source of; belonging to; or springs out of; or is connected with; or is the result of the marriage that took place on April 25, 1960. We say that C.C. Art. 186 throws some light on the answer. “The child capable of living, which is born before the one hundred and eightieth day after the marriage, is not presumed to be the child of the husband; * * In this case the child was born 102 days after the marriage in question and no action was ever brought to disavow or repudiate this child by Ronald C. Arnold, Arlene’s legal husband, at the time. This child was conceived by Arlene during her marriage to Arnold. (C.C. Art. 184) It is physiologically and biologically impossible for Paul Drake to be a product of or “born of the marriage” in question.
If the redactors of the Civil Code in drafting C.C. Art. 118, had so desired, they could have used the words “born during the marriage”, as they used in C.C. Art. 179, but all to the contrary, they used the words “born of the marriage”, for a reason.
There is certainly nothing ambiguous or difficult to grasp or understand about C.C. Art. 118 so therefore “When a law is clear and free from all ambiguity, the letter of it *231 is not to be disregarded, under the pretext of pursuing its spirit.” C.C. Art. 13.
For the reasons given herein, we say that Paul Drake Babineaux does not come under C.C. Art. 118 for the reason he is not a child “born of the marriage” in question.
The reasons given herein are additional reasons to support the majority opinion previously rendered herein.
BLANCHE, J., recused.